UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NASSER S. HEJAZI,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF LABOR, *et al.*,

    Defendants.

Case No. C09-1018RSL

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by defendants the United States Department of Labor ("DOL") and DOL's Associate Regional Director Klaus Placke (collectively, "defendants"). When plaintiff's employment with a third party ended, he requested continuation health coverage premium assistance pursuant to the American Recovery and Reinvestment Act of 2009 ("ARRA"). The ARRA provides for a 65% reduction in the COBRA[1] premium otherwise payable by

---

[1] COBRA is the Consolidated Omnibus Budget Reconciliation Act of 1985.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

individuals who satisfy the following requirements:

> (A) at any time during the period that begins with September 1, 2008, and ends with December 31, 2009, such qualified beneficiary is eligible for COBRA continuation coverage,
>
> (B) such qualified beneficiary elects such coverage, and
>
> (C) the qualifying event with respect to the COBRA continuation coverage consists of the involuntary termination of the covered employee's employment and occurred during such period.

American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, Title III, § 3001(a)(3), 123 Stat. 155 (2009). The DOL determined that plaintiff was ineligible for premium reduction assistance. Plaintiff appeals that decision to this Court. For the reasons set forth below, the Court grants defendants' motion.

## II. DISCUSSION

### A. Background Facts.

The facts relevant to this motion are straight-forward and undisputed. Plaintiff is a carpenter who obtained health care coverage through Carpenters Health, a union-sponsored health benefit plan designed for employed carpenters. A participant can establish eligibility for coverage through Carpenters Health if he or she has worked a certain number of hours determined under one of two rules. Under "Rule One," an employee becomes eligible by working a minimum of 275 hours in three consecutive months for a contributing employer. The fourth month is a "lag month," which provides Carpenters Health time to receive and process an individual's work records. The employee may then be eligible for a three-month period of coverage beginning with the fifth month. Administrative Record ("A.R.") at p. 3. A participant remains eligible for

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 2

coverage if he or she continues to work a minimum of 275 hours in each three-month period or qualifies under "Rule Two." Rule Two provides that a participant who works a minimum of 1,250 hours in a twelve-month period is eligible for a three-month period of coverage beginning with the 14th month.

Plaintiff was employed by GSE Developing Company ("GSE") from January 2008 through May 2008. During that time, he was a covered participant of Carpenters Health. By the time he was discharged, he had worked a sufficient number of hours for GSE to qualify for health coverage through October 31, 2008. A.R. at pp. 3, 8-10.

On September 18, 2008, plaintiff began working for Gary Merlino Construction Company but was terminated on September 24, 2008. At the time of his termination, plaintiff had not worked the minimum of 275 hours during the prior three months (July, August, and September, 2008) to satisfy Rule One. Nor had he worked 1,250 hours within the preceding twelve-month period. As a result, his coverage expired on October 31, 2008.

In April, 2009, plaintiff requested that Carpenters Health allow him to receive COBRA continuation coverage at the reduced premium. Carpenters Health denied his request by letter dated May 13, 2009. A.R. 21-22. The letter explained that plaintiff was not eligible because his termination from GSE, which led to the loss of coverage, occurred before September 1, 2008, and his brief period of employment with Gary Merlino Construction did not re-qualify him to receive coverage. Plaintiff requested expedited review by the DOL pursuant to the ARRA, Section 3001(a)(5). The DOL subsequently informed plaintiff that he was not eligible because his loss of coverage

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 3

occurred outside of the statutory time period. A.R. at p. 31.

**B.     Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

**C.     Analysis.**

Pursuant to the Administrative Procedure Act ("APA"), courts may set aside a final agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The "arbitrary and capricious" standard is "a highly deferential standard . . . which presumes the agency's action to be valid." Envtl. Def. Fund, Inc. v. Costle, 657 F.2d 275, 283 (D.C. Cir. 1981) (internal citations omitted). The review, while not perfunctory, "is relatively narrow and designed only to ensure that the agency's decision is not contrary to law, is rational, has support in the record, and is based on a consideration of the relevant factors." FCC v. Nat'l Citizens Comm. for Broadcasting, 436 U.S. 775, 803 (1978).

Plaintiff contends that the DOL improperly concluded that his loss of coverage

occurred prior to September 1, 2008; in fact, he argues, his coverage continued past that date. The statute, however, is clear that the "qualifying event," which was the termination of plaintiff's employment, must have "occurred during [the statutory] period." ARRA § 3001(a)(3); see also IRS Notice 2009-27 at p. 8 (stating, "The involuntary termination resulting in COBRA continuation coverage must occur during the period from September 1, 2008, through December 31, 2009."). Plaintiff was discharged from GSE well before that time period. Although his discharge from Gary Merlino Construction occurred during the statutory time frame, it was not a "qualifying event" resulting in eligibility for COBRA continuation coverage. At that time, plaintiff had worked too few hours to qualify under the Carpenters Health plan. Although plaintiff argues that if he had continued working, he might have amassed enough hours to qualify, there is no evidence that he did so. In sum, plaintiff has not shown that the DOL's decision was arbitrary, capricious, or contrary to law.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motion for summary judgment (Dkt. #8). The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff.


DATED this 26th day of October, 2009.


*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 5